FILED

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZHILBERT TER-HOHANNISYAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 05-74595

Agency No. A079-784-905

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2009
Pasadena, California

Before: BRIGHT,[**] BYBEE, and M. SMITH, Circuit Judges.

Zhilbert Ter-Hohannisyan, a native and citizen of Armenia, petitions for

review of the Board of Immigration Appeals's (BIA) order dismissing his appeal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

from an immigration judge's (IJ) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006), and we review de novo claims of due process violations, *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 932 (9th Cir. 2007). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination. There were inconsistencies between Ter-Hohannisyan's testimony and his asylum declaration regarding the persecution he suffered as a result of his membership in a political opposition group. These inconsistencies go to the heart of his claim. *See Don v. Gonzales*, 476 F.3d 738, 741-42 (9th Cir. 2007). In addition, Ter-Hohannisyan's testimony regarding the nature of the political opposition groups to which he and his family allegedly belong was vague and implausible. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1152-53 (9th Cir. 1999). Lastly, the IJ found that Ter-Hohannisyan's demeanor while testifying tended to show that he was not truthful. *See id.* at 1151.

Because the IJ had reason to question his credibility, Ter-Hohannisyan's failure to provide corroborating evidence further undermines his claim. *See Sidhu v. INS*, 220 F.3d 1085, 1090-92 (9th Cir. 2000). Accordingly, Ter-Hohannisyan's

asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Finally, because Ter-Hohannisyan's CAT claim is based on testimony the IJ found not credible, and because he points to no other evidence to show it is more likely than not that he would be tortured if returned to Armenia, his CAT claim fails. *See id.* at 1156-57.

Ter-Hohannisyan has also failed to demonstrate that the IJ violated his right to due process by excluding exhibits and witness testimony pertaining to his wife's grant of asylum and the political climate in Armenia. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). Ter-Hohannisyan failed to properly submit the exhibits and testimony in accordance with the immigration court's local operating procedures and has not demonstrated that substantial prejudice resulted from the IJ's exclusion of such evidence. *See id.*

**PETITION FOR REVIEW DENIED**.